IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
3:07cv00052

| | |
|---|---|
| RANDY L. THOMAS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HELMS MULLISS WICKER PLLC, JAMES ) | |
| G. MIDDLEBROOKS, and MARK W. ) | |
| JOHNSON ) | |
| Defendants. ) | |

**THIS MATTER** is before this Court upon Defendant's "Motion to Dismiss" (Document #9). Defendant contends that Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I. BACKGROUND

Plaintiff's son, Alfred Thomas, is a student at Elizabeth Traditional Elementary School, which is part of the Charlotte-Mecklenburg School System. Mr. Middlebrooks and Mr. Johnson are Helms Mullis attorneys and counsel of record for the Charlotte-Mecklenburg Board of Education (the "Board") and the other defendants in a lawsuit entitled "Alfred T. Thomas and Randy L. Thomas, as Guardian ad Litem v. Charlotte-Mecklenburg Board of Education , et al., filed on May 31, 2006 in the Western District of North Carolina ("School Board Litigation").

While this lawsuit was pending, Mr. Thomas attempted to get information pertaining to

his argument from the school superintendent.  When the superintendent refused to give out such information, Mr. Thomas wrote a letter to the school officials.  In response to that request, on October 3, Mr. Johnson wrote a letter to Mr. Thomas giving him the requested information and asking that Mr. Thomas contact Mr. Johnson instead of school officials with any further questions.  On November 9, this Court granted Defendant's motion to dismiss the School Board Litigation.

On November 21, Mr. Thomas went to Elizabeth Traditional "due to not receiving any favorable outcomes or results from my request and efforts." Complaint at 6.  During that visit, Mr. Thomas had a confrontation with the school police officer, an incident that was repeated when Mr. Thomas returned to the school later that day.  Following those confrontations, Mr. Thomas submitted a complaint to the Chief of Police.

In response to those visits, on November 27, Mr. Middlebrooks sent a letter to Mr. Thomas on behalf of the school system ordering Mr. Thomas to stay off the school's campus without either prior notice or in the case of an emergency with Alfred Thomas.  Mr. Thomas returned to the school four days later.  The school reminded Mr. Thomas about the new rule regarding his presence on campus, and Mr. Thomas denied receiving such a letter.  Mr. Thomas remained on the campus, and he was arrested and released from jail later that night.

Mr. Thomas now brings suit against Mr. Middlebrooks, Mr. Johnson, and Helms Mullis Wicker PLLC.  Mr. Thomas alleges that his constitutional and civil rights were violated and reputation defamed by the publication of the November 27 letter and that his constitutional and civil rights were violated by the October 3 letter.

## II. DISCUSSION

A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Greenhouse v. MCG Capital Corp., 392 F.3d 650, 655 (4th Cir 2004). A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.), cert. denied, 540 U.S. 940 (2003). Moreover, "allegations must be stated in terms that are neither vague nor conclusory." Estate Constr. Co. V. Miller & Smith holding Co., 14 F.3d 213, 220 (4th Cir. 1994).

Here, Plaintiff seeks to assert claims under 42 U.S.C. § 1983 and "Title 18 U.S.C.," neither of which provides him with a cognizable claim.

### A. Plaintiff's Claims under 42 U.S.C. § 1983

Plaintiff alleges that Defendants' actions in sending the letter asking that he not enter school property violate his constitutional rights. This argument is without merit. The Fourth Circuit has held that a parent's constitutional rights are not violated if a school bans that parent from school property. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999).

Further, Plaintiff has no factual basis for his claim of slander and libel. With regard to slander, there is no evidence that Mr. Middlebrooks even said anything to anyone at anytime (nor does Plaintiff allege such). Plaintiff cannot prove libel because he cannot show the falsity of any statement in the letter from Mr. Middlebrooks.

### B. Plaintiff's Claims under Title 18 U.S.C.

Finally, Title 18 U.S.C. is not a valid basis for an action by this Court. Title 18 U.S.C. pertains to "Crimes and Criminal Procedure" and fails to create any applicable civil cause of action.

Accordingly, the Defendants' Motion to Dismiss is hereby GRANTED.

IT IS SO ORDERED.

Signed: April 3, 2007

Graham C. Mullen
United States District Judge